## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                        No. CR 08-1905 JB

CRUZ MALERIANO-ALVAREZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Sentencing Memorandum in Support of Variance, filed May 7, 2009 (Doc. 19)("Sentencing Memo.").  The Court held sentencing hearings on November 6, 2008 and July 17, 2009.  The primary issue is whether the Court should vary from the advisory guideline sentence and sentence Defendant Cruz Maleriano-Alvarez to 18 months incarceration.  For the reasons stated at the hearing and other reasons consistent with those already stated, the Court will vary from the guideline range and sentence Maleriano-Alvarez to 18 months incarceration.

## PROCEDURAL BACKGROUND

On August 20, 2008, Maleriano-Alvarez pled guilty without a plea agreement to illegally re-entering the United States in violation of 8 U.S.C. § 1326(a) and (b).  See Plea Minute Sheet (Doc. 14).  On November 6, 2008, the Court held a sentencing hearing, but continued the hearing because the parties indicated that they would like time to reach a plea agreement under the United States Attorney's new Fast-Track Program.  Maleriano-Alvarez then filed his sentencing memorandum, requesting that the Court sentence him to 18 months imprisonment.  See Sentencing Memo. at 1.

The United States opposed the request and argued that the Court should impose a sentence within the guidelines.  See United States' Response to Defendant's Sentencing Memorandum at 1, filed May 14, 2009 (Doc. 21).

On July 13, 2009, Maleriano-Alvarez pled guilty, pursuant to a plea agreement, to illegally re-entering the United States in violation of 8 U.S.C. § 1326(a) and (b).  See Non-Standard Fast Track Plea Agreement ¶ 3, at 2, filed July 13, 2009 (Doc. 29).  With a downward departure for acceptance of responsibility, Maleriano-Alvarez' offense level is 20, and his criminal history is category I, establishing a guideline range of 33 to 41 months.  At the continuance of the sentencing hearing, and in support of his request for a variance from the guideline sentence, Maleriano-Alvarez contended that the guideline range was excessive, given that it was primarily driven by a conviction for aggravated robbery over twenty years ago that was too old to be considered in his criminal history calculations.  The United States observed that, though it had originally filed a response opposing a variance, it thought that the Court might be inclined to vary and would understand that the circumstances here might warrant a variance.  See Transcript of Hearing at 85:2-8 (McCulloch)(taken July 17, 2008).[1]

## ANALYSIS

The Court will vary from the advisory guideline range.  Maleriano-Alvarez' guideline range is largely the product of his now distant robbery conviction.  Because of that conviction, Maleriano-Alvarez received a 16-level enhancement for reentering the United States after being deported subsequent to a conviction for a crime of violence.  See U.S.S.G. § 2L1.2(b)(1)(A)(ii). Without that conviction, Maleriano-Alveraz' offense level, adjusted for acceptance of responsibility, would be

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

6 and his criminal history would be category I, resulting in a guideline range of 0-6 months.  That lone conviction, which is too old for the Sentencing Guidelines to assign criminal-history points to,[2] effectively results in an increase in Maleriano-Alvarez' guideline range of from 33 to 35 months.

Such a substantial increase for such an old conviction is unnecessarily punitive.  Since his conviction, Maleriano-Alvarez has not shown any other signs of violence or significant criminality. Moreover, he is now sixty-two-years old, and the Court does not believe he poses any significant degree of danger to the community.  These factors indicate that a variance is appropriate.  On the other hand, Maleriano-Alvarez committed an offense that Congress considers to be a serious offense, and he illegally returned to this country after committing a crime of violence.  Some imprisonment is necessary to ensure that the sentence the Court imposes reflects the seriousness of the offense and affords just punishment.  With these factors in mind, the Court believes that a sentence of 18 months, consistent with an offense level of 15, most accurately reflects the sentencing goals laid out in 18 U.S.C. § 3553(a).  Accordingly, the Court will vary from the advisory guideline range and sentence Maleriano-Alvarez to 18 months incarceration.

**IT IS ORDERED** that the request in the Sentencing Memorandum in Support of Variance for a sentence of 18 months is granted.  The Court sentences Defendant Cruz Maleriano-Alvarez to 18 months incarceration.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Unlike criminal history points, which can only be assessed for convictions of sufficiently recent vintage, the enhancement for crime of violence is applicable regardless of the age of the conviction.

-3-

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Norman Cairns
Mary Catherine McCulloch
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Edward O. Bustamante
Albuquerque, New Mexico

      *Attorney for the Defendant*